UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : CHAPTER 13 |
|     FRED HALL | : |
| | : |
|     Debtor(s) | : NO.  14-12861 MDC |

## AMENDED CHAPTER 13 PLAN PER ORDER TO MODIFY

1. The Debtor(s) shall pay the Trustee the total sum of $38,002.00 over a period of sixty (60) months.

The sum of $597.21 per month for the first twenty-eight (28) months, starting in May, 2014 and then increasing to $665.00 for the following thirty-two (32) months, starting in September 2016.

2. From the payments so received the Trustee shall make disbursements in the following order:

A.  First:

(i) Trustee's commission.(Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed ten (10%) percent.

(ii) Attorney fees (outstanding fees owed to Michael A. Latzes, Esquire is $1,500.00)
(ii) Real estate taxes of $14,113.00 owed to the City of Philadelphia. ($13,059.21 plus 9% for 20 months)

B. Second:

(a) Holder of allowed secured claims shall retain their liens securing such claims and shall be paid as follows:

(i) The mortgage arrears of $515.02 owed to Wells Fargo.
(ii) The mortgage arrears of $239.99 owed to Wells Fargo.
(iii) The car loan paid- to- date of $3,111.37 owed to JPMorgan Chase. (No other payments will be made to JPMorgan Chase by Trustee since vehicle is a total loss and the loan will be paid by insurance)

    C. Third:

    (a) Full payment of deferred cash payments entitled to priority under 11 U.S.C. Section 507:

    (i) The priority claim of $6,364.85 owed to the Internal Revenue Service.

    D. Fourth:

    (i) Any remaining balance shall be paid 100% to unsecured creditors that file a Proof of Claim in a timely manner.

    3. Debtor will pay his post-petition mortgage payments directly to Wells Fargo for both mortgages. Debtor has made no provisions to pay Springleaf Financial Service since it is his desire to surrender any interest he has on 7433 Rogers Ave., Upper Darby, PA 19082.

    4. Upon completion of this or any other duly confirmed plan, as amended, or such earlier time when full payment under the plan is received by any of the respective creditors, all tax liens, security interests or mortgages that are paid in full, as such underlying obligations are finally determined by the Court, shall be satisfied of record without additional cost to the Debtor.

    5. Upon completion of this or any other duly confirmed plan, as amended, all creditors listed in the Debtor's Schedules shall be discharged..

    6. The following executory contracts of the Debtor are rejected:   NONE

    7. The following leases of the Debtor are assumed: NONE

    8. Property of the estate, being any property or income obtained prior or subsequent to an order confirming the Debtor's Chapter 13 Plan, will vest in the Debtor upon confirmation, and the Debtor shall have the sole right to the use and possession of same.

/S/_____                    /S/ FRED HALL      8-9-16_____
(DEBTOR)                                       (DEBTOR) FRED HALL